UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NATIONAL CITY MORTGAGE CO., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:07-cv-717-LJM-WTL |
| | ) | |
| FIRST INVESTMENT GROUP, LLC, *et al.*, | ) | |
|     Defendants. | ) | |

## ORDER ON PLAINTIFF'S MOTION TO DISMISS

This cause is before the Court on the plaintiff's, National City Mortgage Co. ("National City"), Motion to Dismiss the Amended Counterclaim filed by defendants Liberty Investment Group, LLC ("Liberty"), Tina Renee Wooldridge ("Wooldridge"), and Jason Hoffman ("Hoffman") (these defendants collectively, "Counterclaimants"). National City brought this mortgage fraud action against several defendants who are mortgage brokers; bond companies that provided statutory bonds for the loan brokers; appraisers; and real estate sellers, all of whom were involved in the sale of six different mortgage loans purchased by National City. In response to National City's Complaint, Counterclaimants filed four different counterclaims against National City. National City has moved to dismiss the counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)). The issues have been fully briefed and this matter is now ripe for ruling.

For the reasons stated herein, National City's motion is **GRANTED in part and DENIED in part**.

## I. <u>BACKGROUND</u>

On May 4, 2002, National City entered into a Mortgage Loan Purchase Agreement with Liberty Mortgage Services, LLC. *See* Compl., Ex. B. Pursuant to the agreement, only certain loans that met various requirements were eligible for purchase. Further, the agreement provided that if a loan was "tainted in any way by fraud, misrepresentation, or defects, or fails to meet the SELLER's representations, warranties or covenants in this Agreement, SELLER shall repurchase said loan within ten (10) business days of written notice from PURCHASER . . . ." *Id.*, Ex. B at ¶ 4.

After purchasing the loans in question in this case, National City and/or its investors allegedly discovered that the loans did not conform to the terms of the agreement, did not meet eligibility requirements, and contained misrepresentations by the loan brokers. More specifically, National City claims that the loan brokers misrepresented (1) the borrower's income on loan applications, (2) true purchases of real estate as the refinance of land contracts, (3) the value of the real estate as collateral, and (4) the loan to value ratio. National City thereafter demanded that Liberty repurchase the loans, which Liberty has failed to do. *See id.*, ¶¶ 25-26. National City claims that its losses are in excess of $322,500.00. *See id.*, ¶ 18.

Counterclaimants responded to the Complaint by, *inter alia*, filing their own counterclaims. Specifically, they allege breach of contract (Count I), punitive damages for breach of contract (Count II), negligence (Count III), and constructive fraud (Count IV). *See* Am. Counterclaims.

## II. RULE 12(b)(6) STANDARDS

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint, not to resolve the case on its merits. *See Triad Assoc., Inc. v. Chi. Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989); 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1356 (3d ed. 2004). Federal courts adhere to a notice pleading regime, and, as such, a plaintiff need not plead facts as long as the defendant has at least minimal notice of the claim or claims being asserted. Fed.R.Civ.P. 8; *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999). When ruling on a motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them. *See Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 730 (7th Cir. 1994). Dismissal is appropriate only if it appears beyond doubt that Plaintiff can prove no set of facts consistent with the allegations in the complaint that would entitle it to relief. *See Hi-Lite Prods. Co. v. Am. Home Prods. Corp.*, 11 F.3d 1402, 1405 (7th Cir. 1993). This standard means that if any set of facts, even hypothesized facts, could be proven consistent with the complaint, then the complaint must not be dismissed. *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1995). However, the Court need not ignore facts set out in the complaint that undermine a plaintiff's claims, *see Homeyer v. Stanley Tulchin Assoc.*, 91 F.3d 959, 961 (7th Cir. 1996) (*citing Am. Nurses' Ass'n v. State of Illinois*, 783 F.2d 716, 724 (7th Cir. 1986)), nor is the Court required to accept a plaintiff's legal conclusions. *See Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996); *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988).

### III. DISCUSSION

National City argues that Counterclaimants have failed to plead sufficient details for their counterclaims or, in the case of the punitive damages counterclaim, have failed to state a cognizable counterclaim. The Court addresses each counterclaim in turn.

With respect to Count I, Indiana law provides that the essential elements of a breach of contract claim are the existence of a contract, the breach thereof, and resulting damages. *See Collins v. McKinney*, 871 N.E.2d 363, 368 (Ind. Ct. App. 2007). In this case, Counterclaimants have sufficiently plead such a claim. Specifically, Counterclaimants contend that they and National City had a contractual understanding and agreement regarding the brokering of loans that National City breached, thereby causing damages. *See* Am. Counterclaims, ¶¶ 18-21. These allegations put National City on notice that Counterclaimants are alleging a breach of contract. National City's desire for more concrete contractual terms, while understandable, is something that can be obtained through discovery and, if there is evidence that such terms are lacking, addressed in a motion for summary judgment. Its motion to dismiss, however, is **DENIED** with respect to this claim.

In Count II, Counterclaimants seek punitive damages for an alleged breach of contract. National City argues that Indiana law does not recognize a claim of tortious breach of contract and that punitive damages for breach of contract claims are not available. In response, Counterclaimants agree that Indiana does not recognize a cause of action for tortious breach of contract; however, they nonetheless contend that they are entitled to seek punitive damages in this case.

In order to recover punitive damages in a breach of contract case, Indiana law requires a plaintiff to plead and prove the existence of an independent tort for which punitive damages are available. *See Miller Brewing Co. v. Best Beers of Bloomington, Inc.*, 608 N.E.2d 975, 984 (Ind.

1993). As that court recognized, such cases include instances of malice, fraud, gross negligence, and oppressive conduct. *See id.* at 983. Here, Counterclaimants have alleged precisely those circumstances. *See* Am. Counterclaims, ¶¶ 23-24. In addition, Counterclaimants have asserted as separate counterclaims both gross negligence and constructive fraud. *See id.*, ¶¶ 25-40. Based on the allegations in the Amended Counterclaims, the Court concludes that Counterclaimants have plead sufficient allegations for their request for punitive damages to survive the instant motion to dismiss; however, Count II by itself fails to state an independent cause of action under Indiana law. Accordingly, National City's motion as it concerns Count II is **GRANTED in part and DENIED in part**.

In Count III, Counterclaimants make a claim for negligence. Like Count I, National City essentially argues that Counterclaimants should have plead more facts for this claim. Specifically, National City contends that Counterclaimants should have more thoroughly described the relationship between the parties, the duty of care that was allegedly owed, and how National City's actions fell below the standard of care. The Court, however, is satisfied that Counterclaimants have sufficiently plead their negligence claim. Regardless of its basis, every claim of negligence requires "an injury to the plaintiff proximately caused by the breach" of the alleged duty. *Estate of Heck v. Stoffer*, 786 N.E.2d 265, 268 (Ind. 2003). Here, Counterclaimants have alleged that National City breached a duty that was owed to them and caused damages. *See* Am. Counterclaims, ¶¶ 26-28. In fact, Counterclaimants have alleged that the conduct amounted to gross negligence, warranting punitive damages. *See id.*, ¶¶ 29-30. These allegations are more than sufficient to apprise National City that Counterclaimants are raising a negligence claim. Therefore, National City's motion to dismiss Count III is **DENIED**.

Finally, Count IV is a claim for constructive fraud. The elements of constructive fraud claim under Indiana law are: (1) a duty based on the relationship between the parties; (2) representations or omissions made in violation of that duty; (3) reliance thereon by the complaining party; (4) an injury to the complaining party as a proximate result thereof; and (5) the gaining of an advantage by the party to be charged at the expense of the complaining party. *See Rice v. Strunk*, 670 N.E.2d 1280, 1284 (Ind. 1996); *Wells v. Stone City Bank*, 691 N.E.2d 1246, 1250-51 (Ind. Ct. App. 1998). *See also Strong v. Jackson*, 771 N.E.2d 1141, 1146-47 (Ind. Ct. App. 2002) (discussing elements and burden shifting process). Like Count I and III, National City seeks more factual descriptions for this claim in the Amended Counterclaim. Specifically, National City contends that Counterclaimants should have plead more facts regarding the special relationship between the parties. The Court concludes, however, that Counterclaimants have sufficiently plead a claim of constructive fraud. They have alleged a duty owed to Counterclaimants based on the parties' relationship and that National City gained an unfair advantage. *See* Am. Counterclaims, ¶¶ 32-40. Accordingly, based on the allegations in Count IV of the Amended Counterclaims, National City's motion to dismiss this Count must be **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's, National City Mortgage Co. ("National City"), Motion to Dismiss (Docket No. 41) is **GRANTED in part and DENIED in part**. To the extent that Count II of the Amended Counterclaims is intended to be a separate cause of action rather than a request for punitive damages, it is **DISMISSED without prejudice.** All other claims, including a request for punitive damages, survive the motion to dismiss and remain pending.

IT IS SO ORDERED this 17th day of June, 2008.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

**Electronically distributed:**

John S. Mercer
WOOD TUOHY GLEASON MERCER & HERRIN
jsmercer@indylegal.com

Matthew Mark Adolay
WOODEN & MCLAUGHLIN LLP
madolay@woodmclaw.com

Edward Bernard Hopper II
ATTORNEY AT LAW
ehopper@ebhopper-legal.com

Marcum Jarvis Lloyd
SMITH FISHER MAAS & HOWARD P.C.
mlloyd@smithfisher.com

Michael P Maxwell Jr
CLARK QUINN MOSES SCOTT & GRAHN LLP
mmaxwell@clarkquinnlaw.com

Mark R. Smith
SMITH FISHER MAAS & HOWARD P.C.
msmith@smithfisher.com

John L. Stewart
ATTORNEY AT LAW
johnlstewart@insightbb.com